UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES L. and JAMIE L. FORTNER, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No: 1:07-CV-243 |
| v. | ) | |
| | ) | |
| TECCHIO TRUCKING, INC., | ) | Chief District Judge Curtis L. Collier |
| AIRDISEL CORPORATION, | ) | |
| f/k/a TECCHIO TRUCKING, INC.; | ) | |
| CENTURY CARRIER CORP., | ) | |
| d/b/a CENTURY CARRIER; and RIZERIO | ) | |
| DEARAUJO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is Plaintiffs' motion for partial summary judgment (Court File No. 95), asserting no dispute as to any material facts respecting liability. Because no factual dispute exists as to the liability of Defendant Rizerio Dearaujo, the motion will be **GRANTED**.

**I.     FACTS**

On September 19, 2006, Plaintiffs Jamie Fortner and her father, James Fortner, ("Plaintiffs" or "Fortners") were stopped due to traffic on Interstate 24 when they were hit by a tractor-trailer truck driven by Defendant Rizerio Dearaujo, causing property damages and personal injuries.

Plaintiffs allege the reason for the collision was Defendant's negligence in failing to secure the load of paper rolls in the trailer, which shifted forward when Defendant applied the brakes and made it impossible for him to stop (Court File No. 96, p. 2). Defendant does not contest most of Plaintiffs' allegations, but asserts the issues of comparative negligence and the sudden emergency

doctrine preclude summary judgment on liability (Court File No. 125).

Since Plaintiffs first moved for summary judgment, Defendant was allowed to amend the answer to the complaint to allege comparative fault and assert the defense of sudden emergency (Court File No. 126). In addition, the Court granted Plaintiffs' motion for default judgment against the corporate defendants (Court File No. 215). Plaintiffs filed an additional memorandum in support of their motion for summary judgment to address the sudden emergency defense (Court File No. 148) and Defendant responded (Court File No. 151).

**II.   STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof.

*Celotex*, 477 U.S. at 323.  In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III.    DISCUSSION**

Plaintiffs assert Defendant is liable under a theory of negligence per se.  Defendant, on the other hand, argues liability should be evaluated under Tennessee's comparative fault scheme, which encompasses the sudden emergency doctrine.  The Court will evaluate each of these claims in turn.

To show negligence, the plaintiff must prove the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).  Plaintiff can recover on the basis of negligence per se by showing (1) "the defendant violated a statute or ordinance which 'imposes a duty or prohibits an act for the benefit of a person or the public'"; (2) "the injured party was within the class of persons whom the legislative body intended to benefit and protect by the enactment of that particular statute or ordinance"; and (3) "such negligence was the proximate cause of the injury." *Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992) (quoting *Nevill v. City of Tullahoma*, 756 S.W.2d 226, 232-33 (Tenn. 1988)).

In this case, Defendant "admits responsibility for the cause of the accident" (Court File No. 127, p. 6). In addition, Plaintiffs claim Defendant is per se negligent for having violated the Federal Motor Carriers Safety Regulations (FMCSR), 49 C.F.R. § 390 et seq.  Specifically, Plaintiffs contend Defendant violated 49 C.F.R. § 392.9 by failing to ensure the load of paper rolls he was

hauling was properly secured.

The FMCSR relates to public safety. *Darling v. J.B. Expedited Servs.*, 2006 WL 2238913 (M.D. Tenn. Aug. 3, 2006). The authorizing statute, 49 U.S.C. § 31136(a), directs the Secretary of Transportation to establish minimum safety standards to ensure commercial motor vehicles are operated and loaded safely. In addition, the Court of Appeals for the Sixth Circuit determined the purpose of the statutory provision underlying the relevant regulations was, at least in part, "the protection of the public on highways of interstate commerce from the operation by inexperienced, incompetent and unfit persons, by those engaged in excess of maximum hours, or operating with bad conditioned and dangerous equipment." *Commercial Standard Ins. Co. v. Robertson*, 159 F.2d 405, 410 (6th Cir. 1947). Thus, the FMCSR regulation at issue in this case requires drivers of commercial motor vehicles to act in a certain way for the benefit of the public. Since Plaintiffs clearly fall within the class of people the FMCSR intended to protect, the Court need only assess whether any genuine dispute as to a material fact exists as to whether Defendant violated the FMCSR and whether such violation was the proximate cause of Plaintiffs' injuries.

The FMCSR required Defendant to ensure the load was properly secured. 49 C.F.R. § 392.9. According to the regulation regarding the shipment of paper rolls, "[p]aper rolls must be placed tightly against the walls of the vehicle, other paper rolls, or other cargo, to prevent movement during transit" or "lateral movement must be prevented by filling the void, blocking, bracing, tiedowns, or friction mats." 49 C.F.R. § 393.122. Defendant testified "there were spaces" between the rolls of paper (Court File No. 96, Ex. 3, p. 5). Since the load of paper rolls did not fill the trailer, they were apparently spread out to properly distribute the weight (Court File No. 96, Ex. 3, p. 37). However, nothing was done to further secure the load and prevent lateral movement. Defendant testified he thought "the load was done wrong" (Court File No. 96, Ex. 3, p. 37). Since Defendant presents no

evidence contradicting Plaintiffs' assertions, there is no dispute as to whether Defendant violated § 392.9 by failing to ensure the load of paper rolls was secured against lateral movement.

In his deposition testimony, Defendant admitted the reason he could not stop, and thus hit Plaintiffs' vehicle, was "because the load moved inside the truck" (Court File No. 96, Ex. 3, p. 3). In addition, Defendant stated: "I tried to stop, but the load kept going" (Court File No. 96, Ex. 3, pp. 11-12). Defendant, in his response to summary judgment, attacked the validity of Plaintiffs' experts, but did not attempt to demonstrate a factual dispute as to any of Plaintiffs' claims supporting Defendant's liability (Court File No. 125). Viewing the evidence in the light most favorable to Defendant, the non-moving party, the Court is unable to conclude a fair-minded jury could find against liability, given Defendant's admissions and the uncontested facts in the case.

Tennessee utilizes a system of comparative fault, *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992), and as a result many of the common law defenses to liability, including the sudden emergency doctrine, are now incorporated as factors in the comparative fault analysis. *McCall*, 913 S.W.2d at 157 (citing *Eaton v. McLain*, 891 S.W.2d 587, 592 (Tenn. 1995)). Comparative fault assesses the relative negligence of the parties and does not negate a finding of liability. Defendant's reliance on comparative fault and the sudden emergency doctrine is misplaced as neither constitute a defense to liability.

**IV. CONCLUSION**

Taking the facts in the light most favorable to Defendant, no factual dispute exists as to his liability for the accident. For the reasons discussed above, the Court will **GRANT** Plaintiffs' motion for partial summary judgment. The issue of damages, including the comparative fault analysis, remains.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

6